# EXHIBIT A

| | |
|---|---|
| STATE OF RHODE ISLAND<br>PROVIDENCE, SC. | SUPERIOR COURT |
| KELIN JONES<br>    Plaintiff | : |
| VS. | :    C.A. No. PC |
| THE CHEESECAKE FACTORY RESTAURANTS, INC<br>    Defendant | : |

## COMPLAINT

### GENERAL ALLEGATIONS

1. Defendant The Cheesecake Factory Restaurants, Inc. is a corporation duly organized under the laws of the State of California, with a principal office located in the State of California.

2. Plaintiff, Kelin Jones, was employed as a full-time dishwasher/line cook in Defendant's restaurant at the Providence Place Mall beginning in April, 2021.

3. Plaintiff at all times performed his employment duties in a satisfactory if not exemplary fashion.

4. Plaintiff was named Employee of the Month at the end of 2021.

5. Plaintiff was also given the responsibility of training new help.

6. In the summer of 2022, Plaintiff suffered a workplace injury when another employee threw a very hot, large bucket of water against a machine.

7. As a result of the other employee's throwing the bucket of hot water against a machine, Plaintiff was splashed, and suffered burns.

8. Despite his burns, Plaintiff nevertheless continued to report to work.

9. Twice over the month of August, 2022, Plaintiff was forced to go to the hospital with what proved to be a hernia.

10. Plaintiff's medical providers informed Plaintiff that the hernia was likely caused by the heavy lifting at work, and told him that he needed to get surgery.

11. As a result of the hernia, Plaintiff was substantially limited in major life activities, including but not limited to lifting, working, bending, and moving.

12. Plaintiff's hernia surgery was scheduled for September 1, 2022.

13. On or about August 30, 2022, Plaintiff dropped off his doctor's note to management and notified management of his need to take medical leave.

14. The very next day, August 31, 2022, Plaintiff received a phone call from his manager, "Shawn" (last name unknown).

15. "Shawn" informed Plaintiff that he was terminated.

16. The stated reason was because on August 26, 2022, another employee had reported that Plaintiff had smelled of alcohol.

17. Plaintiff denied having been drinking on the job.

18. "Shawn" nevertheless insisted that Plaintiff had to be terminated.

19. The stated reason for the termination was a pretext for discrimination against Plaintiff based upon his disability and/or request for medical leave.

20. Prior to August 31, 2022, nothing had been said about any allegation that Plaintiff had smelled of alcohol on August 26, 2022.

21. On information and belief, established policy of Defendant would have been to conduct an investigation of the allegations against Plaintiff, including but not limited to allowing Plaintiff to tell his side of the story, before a termination decision was made.

22. Furthermore, employees at Defendant's Providence Place establishment routinely, openly, and notoriously drank alcohol and used illegal drugs on the job and on the premises of the restaurant, without any intervention by management.

## COUNT I
### R.I.G.L. § 42-112-1 *et seq.*
### (Rhode Island Civil Rights Act) (DISABILITY)

23. Plaintiff incorporates the averments made in the preceding Paragraphs as if fully restated therein.

24. Plaintiff was a qualified person with a disability as defined under statute.

25. Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff's disability, in that he was terminated.

26. Plaintiff required and requested a reasonable accommodation for his disability, in the form of medical leave to pursue treatment of the medical condition causing said disability.

27. Defendant unlawfully subjected Plaintiff to discriminatory terms and conditions of employment because of Plaintiff's request for said reasonable accommodation for his disability, in

2

that Defendant terminated Plaintiff.

28. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

29. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff demands judgment against Defendant, including but not limited to compensatory and punitive damages, attorneys' fees and costs in an amount sufficient to confer jurisdiction upon this Court.

## COUNT II – § 28-48-1 *et seq.*
## (RHODE ISLAND PARENTAL AND FAMILY MEDICAL LEAVE ACT)

30. Plaintiff incorporates the averments made in the preceding Paragraphs as if fully restated therein.

31. Plaintiff restates all allegations made in the above-referenced paragraphs as if fully restated herein.

32. Plaintiff was an "employee" as that term is defined under R.I.G.L. § 28-48-1(2).

33. Defendant was an "employer," as that term is defined under R.I.G.L. § 28-48-1(3).

34. Plaintiff's requested sick leave was for a "serious illness," as defined under R.I.G.L. § 28-48-1(7).

35. Plaintiff was entitled to the requested sick leave pursuant to R.I.G.L. § 28-48-2.

36. Defendant's actions in terminating Plaintiff for having exercised his right to medical leave constituted an interference with the Plaintiff's rights to leave for a "serious illness," and/or retaliation for the Plaintiff's having exercised his rights to said leave, in violation of R.I.G.L. § 28-48-5.

37. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

38. Defendant's wrongful, malicious, intentional, outrageous, wicked and wanton actions complained of herein were taken intentionally for the purpose of causing, and had the intended effect of causing, Plaintiff to suffer extreme and severe emotional distress.

39. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff prays that this Honorable Court grant him compensatory and punitive damages in an amount sufficient to grant jurisdiction upon this Court, as well as costs, attorney's fees, and any other relief this Court may deem appropriate.

### COUNT III – 29 U.S.C. § 2601
### (FAMILY MEDICAL LEAVE ACT)

40. Plaintiff incorporates the averments made in the preceding Paragraphs as if fully restated therein.

41. Plaintiff was an "eligible employee" as that term is defined under 29 U.S.C. § 2611(2).

42. Defendant was an "employer," as that term is defined under 29 U.S.C. § 2611(4).

43. Plaintiff's requested sick leave was for a "serious health condition," as defined under 29 U.S.C. § 2611(11).

44. Plaintiff was entitled to the requested sick leave pursuant to 29 U.S.C. § 2611(2).

45. Defendant's actions in terminating Plaintiff for having exercised his right to medical leave constituted an interference with the Plaintiff's rights to leave for a "serious health condition," and/or retaliation for the Plaintiff's having exercised his rights to said leave, in violation of 29 U.S.C. § 2615.

46. As a direct and proximate result of the illegal activity of Defendant, Plaintiff has suffered and will continue to suffer damages, including pecuniary and non-pecuniary losses, attorney's fees and costs.

47. Defendant's wrongful, malicious, intentional, outrageous, wicked and wanton actions complained of herein were taken intentionally for the purpose of causing, and had the intended effect of causing, Plaintiff to suffer extreme and severe emotional distress.

48. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff prays that this Honorable Court grant him compensatory and punitive damages in an amount sufficient to grant jurisdiction upon this Court, as well as costs, attorney's fees, and any other relief this Court may deem appropriate.

### COUNT IV – R.I.G.L. 28-57-1 *et seq.*
### Healthy and Safe Families and Workplaces Act

49. Plaintiff incorporates the averments contained in the paragraphs above as if fully restated herein.

50. Defendant was an "employer" as that term is definedunder R.I.G.L. § 28-57-3(8).

4

51. In September, 2022, Plaintiff was eligible for Paid Sick and Safe Leave Time pursuant to R.I.G.L. § 28-57-1 *et seq.*

52. In September, 2022, Plaintiff needed to utilize his Paid Sick and Safe Leave Time pursuant to R.I.G.L. § 28-57-6, due to a personal illness.

53. Defendant failed to timely provide Plaintiff his Paid Sick and Safe Leave Time.

54. Plaintiff further suffered retaliation for having requested his Paid Sick and Safe Leave Time, in that he was terminated.

55. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered financial and reputational harm, as well as emotional distress, personal inconvenience, worry, loss of enjoyment of life, and other non-pecuniary losses.

56. The actions of Defendant were willful, malicious, wicked, and wanton and for the good of society must be punished.

WHEREFORE, Plaintiff prays that this Honorable Court grant him compensatory and punitive damages, in an amount sufficient to grant jurisdiction upon this Court, as well as costs, attorney's fees, fines, and any other relief this Court may deem appropriate.

Plaintiff,
By his attorney,

/s/ Vicki J. Bejma
Vicki J. Bejma #6498
Robinson & Clapham
123 Dyer Street, Suite 135
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
vbejma@smrobinsonlaw.com

5